IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **USAAMA ABDALMATIYN & FAMILY** § | | |
| **ON BEHALF OF LONZO HARRISON JR.**, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Civil Action No. **3:13-CV-1935-L** | |
| § | | |
| **JOANN HARRISON & ALBERT** § | | |
| **G. HORTON VERTERAN CEMETERY**, § | | |
| § | | |
| Defendants. § | | |

### MEMORANDUM OPINION AND ORDER

Plaintiffs brought this action on May 22, 2013, against Defendants, asserting claims for "federal breach of contract, fraud, and violation of due process of law pursuant to the United States Constitution." Pl.'s Compl. 1. For relief, Plaintiffs seek an order requiring Defendants to transfer the body of deceased Lonzo Harrison, Jr. to Oklahoma for a funeral service and burial. For the reasons herein explained, the court *sua sponte* **dismisses without prejudice** this case for lack of subject matter jurisdiction and **denies** Plaintiffs' request for a temporary restraining order.

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if

subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

After carefully reviewing Plaintiffs' pleadings, the court determines that it lacks subject matter jurisdiction over this action. Although Plaintiffs' have attempted to characterize their claims as federal in nature, the issue of whether Mr. Harrison should be buried in Oklahoma or Virginia raises no federal question; it is a state matter. Further, even assuming that complete diversity exists between the parties, Plaintiffs' pleadings do not establish that the amount in controversy exceeds $75,000. The court therefore *sua sponte* **dismisses without prejudice** this action for lack of subject matter jurisdiction and **denies** Plaintiffs' request for a temporary restraining order.

**It is so ordered** this 24th day of May, 2013.

                                          Sam A. Lindsay
                                          United States District Judge